IN THE MATTER OF CHARLES B. PEKOR.
(SUPREME COURT DISCIPLINARY NO. 701)
(388 SE2d 677)

PER CURIAM.

The State Bar of Georgia filed a complaint against respondent, alleging that he pled nolo contendere to an indictment for a felony in the United States District Court for the Northern District of Georgia.

The State Bar petitioned this court for the appointment of a special master under Rule 4-106 of the Rules and Regulations of the State Bar of Georgia.

Respondent, who has been a member of the State Bar of Georgia since 1967, is currently under a sanction of a minimum two-year suspension from practice. This sanction was precipitated by his pleading guilty to eleven counts of violation of the Georgia Controlled Substances Act in June of 1985. *In the Matter of Pekor*, 257 Ga. 800 (364 SE2d 578) (1988). In 1979 Pekor was suspended from the practice of law for a period of two years following his conviction of a crime involving moral turpitude in 1977. *In the Matter of Pekor*, 244 Ga. 481 (260 SE2d 908) (1979).

The suspension imposed in 1988 was for a minimum of two years and thereafter until Pekor demonstrated to the satisfaction of the State Disciplinary Board that he had successfully completed a treatment program for his chemical dependency.

The present complaint by the State Bar arises out of Pekor's plea of nolo contendere to an indictment for knowing possession of firearms in violation of 18 USC §§ 922 (g) and 924 (a) (1), which Pekor admits is a felony offense. Pekor was placed on three years probation beginning March 9, 1989.

The Special Master conducted a hearing at which Pekor submitted primarily evidence in mitigation, having admitted the gravamen of the complaint. The Special Master found that he had purchased firearms on at least three occasions between 1985 and 1987 and that on each occasion he had responded "no" to a question on a Bureau of Alcohol, Tobacco, and Firearms form whether he had ever been convicted of a crime punishable by imprisonment for more than one year. His conviction in 1977 in the United States District Court for the District of Kansas for knowingly making materially false statements on a loan application to a federal credit union was a felony conviction. The 1985 conviction for eleven counts of obtaining controlled substances by misrepresentation, fraud, forgery, deception or subterfuge, are felony offenses but each count was treated as a misdemeanor for sentencing purposes. Pekor submitted evidence of the success of his treatment for alcohol and drug dependency. He argued in mitigation that the federal indictment for possession of firearms by a convicted felon resulted from a vendetta against him by his wife in the course of divorce proceedings. Finally, he argued that because he did not know that he was a convicted felon, his possession of firearms was excusable.

The Special Master, acknowledging the success of Pekor in dealing with his drug and alcohol dependency, recommended disbarment. He noted that Pekor has been convicted of a felony offense for the third time. In previous disciplinary proceedings in which he was sanc-

tioned by suspension, he pled in mitigation his chemical dependence. However, the Special Master concluded:

It is clear that Mr. Pekor knew . . . that he had twice been convicted of felony offenses, yet he chose to answer falsely on the ATF forms when purchasing the firearms. The underlying facts of the current conviction are not the product of a chemical dependence, nor the actions of his estranged wife, but rather, Mr. Pekor's own actions in misrepresenting his prior convictions, and this points further to his moral unfitness.

The Special Master recommended that Pekor be disbarred. We approve this recommendation and direct that the name of Charles B. Pekor be stricken from the rolls of those authorized to practice law in this state.

*All the Justices concur.*

DECIDED FEBRUARY 15, 1990 —
RECONSIDERATION DENIED MARCH 7, 1990.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Joseph Szczecko,* for Pekor.